UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AMICA MUTUAL INS. CO., <br> Plaintiff, | : <br> : <br> : | CIVIL ACTION NO. <br> 3:16-CV-469 (JCH) |
| v. | : <br> : | |
| WILHELM I. NOEL. et al., <br> Defendants. | : <br> : | MAY 26, 2017 |

**RULING RE MOTION TO AMEND (DOC. NO. 51)**

**I.     INTRODUCTION**

This case closed on March 9, 2017.  See Judgment (Doc. No. 50).  Thereafter, on April 7, 2017, one of the defendants in this action, Wilhelm I. Noel ("Noel"), pro se, filed the instant Motion to Amend (Doc. No. 51).  The plaintiff, Amica Mutual Insurance Co. ("Amica") opposes the Motion.  See Response (Doc. No. 52).  The Motion to Amend asks "the court to calculate and to add to the amount awarded the pre-judgment interest and the post-judgment interest," citing section 1961 of title 28 of the United States Code.  The Motion to Amend is **denied** because it is out of time and without merit.

**I.     BACKGROUND**

Amica filed this interpleader action after entering into a settlement agreement with Noel in Connecticut state court.  See Ruling on Mot. to Transfer (Doc. No. 35) at 1.  Amica alleged that the state court ordered Amica to pay Noel a certain sum, and that other defendants in this action had liens on the settlement funds.  See id. at 1. Amica sought through this action to clarify and discharge its obligations to the defendants.  See id. at 1.  On March 9, 2017, this court entered Judgment.  This court declared that, upon

1

Amica's payment of $165,000 into escrow, Amica's obligations under the settlement agreement would be discharged.  See Judgment at 2.

## II. DISCUSSION

The instant Motion is styled as a Motion to Amend.  To the extent that Noel seeks leave to amend a pleading, he is out of time.  Under Federal Rule of Civil Procedure 15,

> [A] party may amend its pleading once as a matter of course within[ ] 21 days after serving it, or, [ ] if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> [ ] In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1–2).  "[I]t is within the sound discretion of the district court to grant or deny leave to amend." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007).  In deciding whether to grant leave to amend, the court considers such factors as undue delay, bad faith, dilatory motive, undue prejudice and futility of the amendment.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  Here, the most recent pleading filed by Noel was his February 8, 2017 Answer and Response (Doc. No. 47).  Noel's time to amend "as a matter of course" expired on March 1, 2017.  Fed. R. Civ. P. 15(a)(1)(A).  Amica, the "opposing party[,]" does not "consent" to amendment.  Fed. R. Civ. P. 15(a)(2); see also Response.  Moreover, "justice" does not "require[ ]" amendment, Fed. R. Civ. P. 15(a)(2), for reasons including that amendment at this time, when the case has already closed, would constitute "undue delay," Foman, 371 U.S. at 182.

Based on the wording of the Motion to Amend, however, it appears that Noel does not truly seek to amend a pleading, but rather, seeks relief from the court's

Judgment. Federal Rule of Civil Procedure 60(b) provides that, "[o]n motion and just terms, the court may relieve a party [ ] from a final judgment" for any of several reasons. See Fed. R. Civ. P. 60(b). "'In considering whether a Rule 60(b)(6) motion is timely, we must scrutinize the particular circumstances of the case, and balance the interest in finality with the reasons for delay.'" S.E.C. v. Durante, 641 F. App'x 73, 78 (2d Cir. 2016); (quoting PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 897 (2d Cir. 1983)). Here, Noel failed to raise his section 1961 interest argument before the court entered Judgment, and delayed approximately one month after Judgment entered before filing the instant Motion. Noel's Motion offers no "reasons for delay." PRC Harris, 700 F.2d at 897. Noel does not explain why he did not bring his request for section 1961 interest to the court's attention earlier. Moreover, the "particular circumstances of the case" involve frequent, unexcused delays by Noel. Id. at 897. Noel "failed to respond to the court's first Order to Show Cause" and "waited almost three months after the extended deadline set by the court to file an Answer." Ruling Declining to Set Aside Default (Doc. No. 48) at 1 (internal quotation marks and brackets omitted). When ordered to show cause as to these two failures, Noel did not provide any reason, but rather, purported to amend his untimely Answer. See id. at 2. Additionally, Noel failed to attend the in-court hearing in this matter—a hearing which this court had scheduled due to Noel's previous inability to attend a telephonic status conference—and failed to respond to Amica's Motion for Judgment. See Order to Def. (Doc. No. 46) at 3. In "balanc[ing] the interest in finality with the reasons for delay," the court thus concludes that the Motion is untimely under Rule 60. PRC Harris, 700 F.2d at 897

To the extent that Noel seeks reconsideration of a decision other than the Judgment, he is similarly out of time. District of Connecticut Local Rule 7(c) provides an avenue for filing Motions for Reconsideration. Parties must file and serve such motions within seven days of the ruling from which relief is sought. D. Conn. Civ. R. 7(c)(1). All Rulings in this case, and the Judgment, were issued more than seven days prior to the instant Motion to Amend.

Additionally, the argument underlying Noel's Motion is meritless. The Motion asks "the court to calculate and to add to the amount awarded the pre-judgment interest and the post-judgment interest," citing section 1961 of title 28 of the United States Code. Section 1961 provides for interest "on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Here, Noel has not "recovered" "any money judgment" "in a district court." Id. Rather, this court entered judgment in Amica's favor. See Ruling Declining to Set Aside Default at 6 (granting Amica's requested relief). To the extent that this case results in Noel receiving money, that is merely because the court has granted Amica's request to clarify, and to allow Amica to discharge, preexisting obligations. Section 1961 thus does not apply.

Because there is no legal basis to the request in Noel's Motion to Amend, amendment of any of Noel's pleadings to add this argument would be futile. See Foman, 371 U.S. at 182. Similarly, were the court to reconsider its final Judgment, the court would reaffirm its previous decision and would deny the relief requested in Noel's Motion to Amend. Moreover, Noel has failed to show that any of the grounds for relief from judgment outlined in Federal Rule of Civil Procedure 60 apply here. For instance,

Noel has not shown that the Judgment involves any "clerical mistake," "that the judgment is void," or "any other reason that justifies relief." Fed. R. Civ. P. 60.

I. **DISCUSSION**

For the reasons set forth above, Noel's Motion to Amend (Doc. No. 51) is **denied**.

**SO ORDERED**.

Dated at New Haven, Connecticut this 26th day of May, 2017.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge